■ JAMES BROWN, Respondent, v JOSEPHINE F. MOORE, Appellant. MOTOR VEHICLE ACCIDENT CORPORATION, Intervenor-Respondent.—In a negligence action to recover damages for personal injuries, defendant Josephine F. Moore appeals from (1) an order of the Supreme Court, Queens County (Goldstein, J.), dated July 11, 1984, which denied her motion to amend her answer to include the defense of collateral estoppel and to dismiss the action against her on that ground, and (2) as limited by her brief, from so much of an order of the same court, dated September 7, 1984, as, upon reargument, adhered to the original determination.

Appeal from the order dated July 11, 1984 dismissed, without costs or disbursements. That order was superseded by the order dated September 7, 1984, made upon reargument.

Order dated September 7, 1984 reversed, insofar as appealed from, on the law, without costs or disbursements, motion granted, and plaintiff's complaint against defendant Moore dismissed.

Plaintiff is collaterally estopped from relitigating defendant Moore's involvement in the accident, as the record indicates that that issue has already been resolved in the latter's favor in an arbitration proceeding. The mere fact that the Motor Vehicle Accident Indemnification Corporation (MVAIC) is also a defendant here, having intervened in this action, does not affect defendant Moore's right to have plaintiff's action against her dismissed on the ground of collateral estoppel *(see, e.g., Greenspan v Doldorf,* 87 AD2d 884; *Matter of Wallace v MVAIC,* 25 NY2d 384; *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71). Mollen, P. J., Mangano, Lawrence and Kooper, JJ., concur.

■ JOHN J. CHIAFFI et al., Appellants, v WEXLER, BERGERMAN & CRUCET, et al., Respondents.—In a legal malpractice action, plaintiffs appeal from an order of the Supreme Court, Rockland County (Slifkin, J.), dated April 8, 1984, which denied their motion to strike defendants' first defense.

Order affirmed, with costs.

Defendant attorneys failed to timely commence a personal