WILFREDO RODRIGUEZ, Respondent, v ROSE MARTINELLI, Appellant. [891 NYS2d 119]—

On January 31, 2003, the plaintiff and the defendant were involved in a collision while operating their respective vehicles. On April 27, 2004, after the plaintiff had retained counsel for the purpose of commencing an action against the defendant to recover damages for personal injuries arising from the accident, both the plaintiff and the defendant appeared before an arbitrator to resolve the defendant's claim against the plaintiff for personal injuries based on the same accident. On April 28, 2004, the arbitrator issued a decision determining that the defendant was 10% at fault in the happening of the accident and that the plaintiff was 90% at fault, and made an award to the defendant in the sum of $15,750. The plaintiff subsequently commenced this action against the defendant to recover damages for his personal injuries arising out of the same accident.

Upon renewal, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment on the issues of liability and apportionment, determining that the plaintiff was 90% at fault in the happening of the accident. The defendant demonstrated that this issue was necessarily decided in the prior arbitration proceeding, and the plaintiff failed to demonstrate that he did not have a full and fair opportunity to contest the prior determination (*see Buechel v Bain,* 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]; *Altamore v Friedman,* 193 AD2d 240, 245-246 [1993];

*Brown v Moore,* 116 AD2d 614 [1986]). Rivera, J.P., Dickerson, Hall and Lott, JJ., concur.