J-A08005-16
J-A08006-16

2016 PA Super 204

| | | |
|---|---|---|
| M.G., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| L.D., | : | |
| | : | |
| | : | |
| | : | No. 2845 EDA 2015 |
| APPEAL OF : B.D., INTERVENOR | : | |

Appeal from the Order August 19, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No.: 11-31295

| | | |
|---|---|---|
| M.G., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| L.D., | : | |
| | : | |
| APPEAL OF: L.D., | : | |
| | : | |
| | : | |
| | : | No. 3215 EDA 2015 |

Appeal from the Order August 19, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No.: 11-31295

BEFORE:   BOWES, J., OLSON, J., and STRASSBURGER, J.*

DISSENTING OPINION BY STRASSBURGER, J.:        **FILED SEPTEMBER 09, 2016**

The learned Majority has thoroughly and thoughtfully addressed the issues in this very difficult and complex case.  However, because I would affirm the order of the trial court, I dissent and offer the following analysis.

*Retired Senior Judge assigned to the Superior Court.

## I. Mother's Appeal

### A. Communication With Children

With respect to Mother, the trial court determined that she would be permitted to write Children one letter each week, and that letter would be reviewed by Attorney Kane Brown before being forwarded to Children. Furthermore, the trial court denied Mother the ability to have weekly phone contact with Children. The Majority, in disagreeing with the trial court, concludes that Mother's argument that she has a constitutional right to visit her daughter (**see** Mother's Brief at 14-17) is actually an argument challenging the trial court's consideration of the custody factors as related to her. The Majority goes on to conclude that the trial court analyzed these factors incorrectly.

At the outset, the issues addressed by the Majority are not presented either in Mother's concise statement or her brief on appeal.[1] It is well-settled that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of [Pa.R.A.P. 1925](b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). Moreover, "[i]ssues not properly developed or argued in the argument section of an appellate brief are waived." **Kituskie**

---

[1] **See** Majority at 16 ("While Mother's argument is artless, it highlights a significant flaw in the trial court's decision to deny her request for visitation…."); Majority at 21 ("[O]ur resolution of Mother's remaining complaint, which is a tangent of her request for visitation, will assist the trial court's visitation determination.").

***v. Corbman***, 682 A.2d 378, 383 (Pa. Super. 1996). Accordingly, the Majority erred in conducting such a *sua sponte* analysis, and I would affirm the trial court's order as to Mother on the basis that she has not raised any issue on appeal that warrants relief.

### B. Role of Attorney Kane Brown

I also disagree with some of the Majority's comments concerning to the role of Attorney Kane Brown. **See** Majority at 25-28. I find that neither Mother nor Grandfather raised any issue regarding Attorney Kane Brown within his or her Concise Statement of Matters Complained Of. Thus, such issues are waived.

## II. Grandfather's Appeal

### A. Preservation of Issues

I disagree with the Majority's decision to address *sua sponte* issues raised on appeal that were not included in Grandfather's concise statement. In his concise statement, Grandfather's issues A and D relate only to relief requested by Mother. Grandfather does not have standing to seek relief from the trial court on these issues; therefore the trial court and this Court need not address those. With respect to Grandfather's other two issues, B alleges the trial court applied a "fact not in evidence" but does not state what that fact was. Concise Statement, 9/17/2015, at ¶ 2. Issue C is Grandfather's argument that the trial court erred in finding the contentious

relationship between M.G. and Grandfather was due to M.G.'s behavior, not Grandfather's. *Id*.

Compare the abovementioned issues with the four set forth in Grandfather's brief: 1) whether the evidence was sufficient to terminate Grandfather's partial custody; 2) whether the trial court erred in considering the child advocate's opinions in reaching its conclusions; 3) whether the trial court erred by being concerned about future harm to M.G.D.; and 4) whether the trial court erred in removing Grandfather from M.G.D.'s life.

The Majority concludes that Grandfather's second and third issues on appeal are included in his concise statement. Majority at 30.[2] My review of the concise statement and Grandfather's issues on appeal reveals that Grandfather has not presented any issue in his concise statement that he included in his brief.

"This Court explained in ***Riley v. Foley***, 783 A.2d 807, 813 (Pa. Super. 2001), that Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." ***Kanter v. Epstein***, 866 A.2d 394, 400 (Pa. Super. 2004). Here, the Majority reaches a number of conclusions, and reverses the trial court order, based on arguments the trial court never had

---

[2] M.G. argues that these issues are not included in his concise statement. M.G.'s Brief at 5 n.2.

- 4 -

the chance to consider. Accordingly, because Grandfather has not preserved any issue presented on appeal, I would affirm the order of the trial court.

## B. Majority's Conclusions

Instantly, the Majority offers numerous reasons for reversing the trial court's order and its reasoning for doing so ignores the proper scope of review. The reasons cited by the Majority include: 1) the Majority disagrees with the trial court's finding of fact that Grandfather tried to "pump M.G.D. for information" to influence M.G.D.'s testimony in the criminal case. Majority at 36. The Majority also disagrees with the trial court's finding of fact about Grandfather's discussing of the shooting with M.G.D. and permitting Mother to talk to M.G.D. via telephone. *Id*. at 37. In addition, the Majority concludes that "E.G.D. posed a risk to M.G.D.'s safety and that Grandfather's concerns were warranted" (Majority at 40) in direct contravention to the trial court's finding that Children "have a typical, healthy sibling relationship." Trial Court Order, 8/19/2015, at 4. We consider these issues mindful of the following.

"While it is our duty to examine the evidence in custody cases, we are not free to nullify the fact-finding function of the hearing judge, who can best determine the credibility and the weight to be given to the testimony of the witnesses who appear before him[.]" ***Commonwealth ex rel. Swanson v. Barry***, 184 A.2d 370, 373 (Pa. Super. 1962); ***see also***, ***Johns***

***v. Cioci***, 865 A.2d 931, 936 (Pa. Super. 2004) ("[W]ith regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand."). In addition, "the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record." ***Jackson v. Beck***, 858 A.2d 1250, 1254 (Pa. Super. 2004).

For example, with respect to the relationship between M.G.D. and E.G.D., the trial court heard from two experts: Dr. Norford, who has treated E.G.D., and Dr. Schwarz, who has treated M.G.D. After hearing the testimony from both doctors, the trial court found that Children "have a typical, healthy sibling relationship." Trial Court Order, 8/19/2015, at 4. In doing so, it is evident that the trial court credited the testimony of E.G.D's doctor, Dr. Norford. However, the Majority re-weighs the testimony of the two doctors and reaches the opposite conclusion. Such conduct is beyond this Court's scope of review.

For the foregoing reasons, I would affirm the trial court's orders. Accordingly, I dissent.