DISSENTING OPINION BY
STRASSBURGER, J.:
Because I would affirm the trial court’s order, I dissent and offer the following analysis.

1. Preservation of Issues

There are several issues addressed by the Majority that are not presented in either Grandfather’s or Mother’s concise statement or brief on appeal. It is well-settled that “[i]ssues not included in the Statement and/or not raised in accordance with the provisions of [Pa.R.A.P. 1925](b)(4) are waived.” Pa.R.A.P. 1925(b)(4)(vii). Moreover, “[i]ssues not properly developed or argued in the argument section of an appellate brief are waived.” Kituskie v. Corbman, 682 A.2d 378, 383 (Pa. Super. 1996). “This Court explained in Riley v. Foley, 783 A.2d 807, 813 (Pa. Super. 2001), that Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal.” Kanter v. Epstein, 866 A.2d 394, 400 (Pa. Super. 2004).
A. Mother’s Appeal
With respect to Mother, the Majority concludes that Mother’s argument that she has a constitutional right to visit her daughter {see Mother’s Brief at 14-17) is actually an argument challenging the trial court’s consideration of the custody factors as related to her.[1] The Majority goes on to conclude that the trial court analyzed these factors incorrectly.[2] I disagree with this *1106 conclusion and find the Majority erred in conducting such a sua sponte analysis. As such, I would affirm the trial court’s order as to Mother on the basis that she has not raised any issue on appeal that warrants relief.
B. Grandfather’s Appeal
I disagree with the Majority’s decision to address sua sponte an issue raised on appeal that was not included in Grandfather’s concise statement. In his concise statement, Grandfather’s issues A and D relate only to relief requested by Mother. As the Majority recognizes, Grandfather does not have standing to seek relief on these issues; therefore the trial court and this Court need not address those. Likewise, the Majority correctly points out that issue B alleges the trial court applied a “fact not in evidence” but does not state what that fact was. Concise Statement, 9/17/2015, at ¶ 2. Issue C is Grandfather’s argument that the trial court erred in finding the contentious relationship between M.G. and Grandfather was due to Grandfather’s behavior, not M.G.’s. Id.
Compare the abovementioned issues with the four set forth in Grandfather’s brief: 1) whether the evidence was sufficient to terminate Grandfather’s partial custody; 2) whether the trial court erred in considering the child advocate’s opinions in reaching its conclusions; 3) whether the trial court erred by relying on an unsubstantiated interpretation of a statement made by Grandfather; and 4) whether the trial court erred in removing Grandfather from M.G.D.’s life.
The Majority concludes that Grandfather’s third issue on appeal is included in his concise statement. Majority at 1099-1100.[3] My review of the concise statement and Grandfather’s issues on appeal reveals that Grandfather has not presented any issue in his concise statement that he included in his brief. Issue C in the concise statement is a comparison of fault as to whether Grandfather or M.G. is responsible for the family’s contentious relationship. The third issue in Grandfather’s brief presumably references the child advocate’s testimony that Grandfather attempted to alienate M.G.D. from M.G. There is no comparison of fault therein.[4]
C. Role of Attorney Kane Brown
I also disagree with some of the Majority’s comments concerning Attorney Kane Brown and the Majority’s insistence that the trial court clarify her role in the instant case. See Majority at 1096-98.1 find that neither Mother nor Grandfather raised any issue regarding Attorney Kane Brown within her or his Concise State *1107 ment of Matters Complained Of. Thus, such issues are waived.
In sum, the Majority reaches a number of conclusions, and reverses the trial court order, based on arguments the trial court never had the chance to consider. Accordingly, because Mother and Grandfather have not preserved any issue presented on appeal, I would affirm the order of the trial court.

II. Majority’s Conclusions

Instantly, the Majority offers numerous reasons for reversing the trial court’s order and its reasoning for doing so ignores the proper scope of review. The reasons cited by the Majority include: 1) the Majority disagrees with the trial court’s finding of fact that Grandfather tried to “pump M.G.D. for information” to influence M.G.D.’s testimony in the criminal case. Majority at 1101-02. The Majority also disagrees with the trial court’s finding of fact about Grandfather’s discussing of the shooting with M.G.D. and permitting Mother to talk to M.G.D. via telephone. Id. at 1102. In addition, the Majority concludes that “E.G.D. posed a risk to M.G.D.’s safety and that Grandfather’s concerns were warranted” (Majority at 1102-03) in direct contravention to the trial court’s finding that Children “have a typical, healthy sibling relationship.” Trial Court Order, 8/19/2015, at 4. I consider these issues mindful of the following.
“While it is our duty to examine the evidence in custody cases, we are not free to nullify the fact-finding function of the hearing judge, who can best determine the credibility and the weight to be given to the testimony of the witnesses who appear before [her.]” Commonwealth ex rel. Swanson v. Barry, 184 A.2d 370, 373 (Pa. Super. 1962); see also, Johns v. Cioci, 865 A.2d 931, 936 (Pa. Super. 2004) (“[With regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand.”). In addition, “the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.” Jackson v. Beck, 858 A.2d 1250, 1254 (Pa. Super. 2004).
For example, with respect to the relationship between M.G.D. and E.G.D., the trial court heard from two experts: Dr. Norford, who has treated E.G.D., and Dr. Schwarz, who has treated M.G.D. After hearing the testimony from both doctors, the trial court found that Children “have a typical, healthy sibling relationship.” Trial Court Order, 8/19/2015, at 4. In doing so, it is evident that the trial court credited the testimony of E.G.D.’s doctor, Dr. Norford. However, the Majority re-weighs the testimony of the two doctors and reaches the opposite conclusion. Such conduct is beyond this Court’s scope of review.[5]
*1108 For the foregoing reasons, I would affirm the trial court’s orders.[6] Accordingly, I dissent.

. See Majority at 1093 ("While Mother’s argument is artless, it highlights a significant flaw in the trial court’s decision to deny her request for visitation...."); Majority at 1095 ("[0]ur resolution of Mother’s remaining complaint, which is a tangent of her request for visitation, will assist the trial court’s visitation determination.”).

. Specifically, the Majority concluded that the trial court erred by failing to discuss the factors set forth in D.R.C. v. J.A.Z., 612 Pa. 519, 31 A.3d 677 (2011). Majority at 1094-95. On *1106 this basis, the Majority vacated "the order denying Mother’s request for visitation and remanded for the trial court t,o render a determination in light of the appropriate considerations.” Id. at 1095. Notably, this issue was never raised by Mother on appeal. Neither was the trial court’s consideration of the custody factors, which served as a foundation for the Majority to address the D.R.C. factors sua sponte.

. M.G. argues that this issue is not included in his concise statement, M.G.'s Brief at 5 n.2.

. Moreover, even if Grandfather's third issue had been properly raised, it is perfectly obvious that it is meritless. The Majority recognizes that Grandfather demeans M.G. by referring to her as M.G.D.'s "adoptive mother” and that he continues to assert that Mother is innocent. Such an assertion is a gross distortion of reality given the jury’s conviction of Mother and her sentence to prison. It is even more unrealistic ■ since Mother's judgment of sentence has been affirmed by this Court. Clearly, the primary responsibility for the toxic relationship rests with the felon Mother, but Grandfather’s cheerleading continues to play a part.

. Furthermore, I disagree with the Majority’s characterization that M.G.'s statement that Grandfather admitted he would “pump M.G.D. for information” with regard to M.G.D's relationship with E.G.D., was a concession that the statement made by Grandfather was not concerning Mother’s criminal trial. Majority at 1101-02, M.G.D.’s Brief at 8. To the contrary, I find no indication that M.G. is conceding her position that Grandfather attempted to elicit information from M.G.D. regarding Mother’s criminal case. Here, in responding to Grandfather’s appellate brief, M.G. merely presented this Court with Grandfather's concession that he did indeed intend to pump M.G.D. for information. M.G. presented us with this admission as proof of Grandfather’s "constant campaign to discredit, demean, and undermine M.G.” and to further support the trial court’s findings that Grandfather’s actions "clearly served only the purpose of alienating M.G.D. from M.G.” M.G.’s Brief at 8.

. Lastly, in light of our Supreme Court’s decision in D.P. v. G.J.P, — Pa. —, 146 A.3d 204 (2016) as set forth in the Majority's opinion, Grandfather does not have standing to seek custody under 23 Pa.C.S. § 5325(2). Further, the trial court has already found that Grandfather does not have standing to petition for custody under 23 Pa.C.S. § 5324. In light of the foregoing, I disagree with the Majority's conclusion that the trial court is obligated to set a hearing to review Grandfather’s petition for partial custody, as Grandfather clearly does not have the standing to pursue such an action. The Majority's reference to non-retroactivity here totally misses the point, as custody actions are never final, and M.G. can raise the standing issue at any time.