J-S35014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                               :  PENNSYLVANIA
                                               :
               v.                          :
                                               :
                                             :
JONATHAN LUIS GARCIA         :
                                             :
             Appellant           :  No. 462 MDA 2025

Appeal from the PCRA Order Entered March 6, 2025
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000023-2022

BEFORE:  OLSON, J., MURRAY, J., and LANE, J.

MEMORANDUM BY OLSON, J.:         **FILED: DECEMBER 31, 2025**

Appellant, Jonathan Luis Garcia, appeals from the March 6, 2025 order entered in the Court of Common Pleas of Schuylkill County that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Appellant's underlying convictions arose from various sexual assaults he perpetrated against a minor, M.G.  At trial, M.G. testified against Appellant. In addition, the Commonwealth called D.R. to corroborate M.G.'s testimony.[1] According to Appellant, the thrust of D.R.'s trial testimony was that, after a night of drinking alcohol, Appellant admitted that he sexually abused M.G. *See* Appellant's Brief at 5.

---

[1] We refer to the Commonwealth's corroborative witness as "D.R." to protect the identity of the minor.

On January 2, 2022, based upon the testimony of M.G. and D.R., a jury convicted Appellant of two counts of involuntary deviate sexual intercourse with a child (Counts 3 and 4), two counts of aggravated indecent assault of a person under 13 (Counts 6 and 7), two counts of indecent assault of a person less than 13 years of age (Counts 8 and 9), and two counts of indecent exposure (Counts 10 and 11).[2] On November 30, 2022, Appellant was sentenced as follows: Count 3, five to 10 years' incarceration; Count 4, 10 to 20 years' incarceration, with the sentence set to run consecutively to the sentence imposed on Count 3; Count 6, one to two years' incarceration, with the sentence set to run consecutively to the sentence imposed on Count 4; Count 7, two to four years' incarceration, with the sentence set to run consecutively to the sentence imposed on Count 6; Count 8, five years' probation, with the sentence set to run consecutively to the sentence imposed on Count 7; Count 9, one to two years' incarceration, with the sentence set to run concurrently to the sentence imposed on Count 7; Count 10, one year of probation, with the sentence set to run concurrently to the sentence imposed on Count 7; and Count 11, one year of probation, with the sentence set to run concurrently to the sentence imposed on Count 7.[3]  Appellant's aggregate sentence was, therefore, 18 to 36 years of incarceration, to be followed by

---

[2]18 Pa.C.S.A. §§ 3123(b), 3125(a)(7), 3126(a)(7), and 3127(a), respectively.

[3] As part of the sentence imposed on Count 3, the trial court awarded Appellant 151 days (November 18, 2021, to January 17, 2022, and September 2, 2022, to November 30, 2022) as credit for time served.

seven years of probation. Appellant was also ordered to register as a Tier III sexual offender under Subchapter H of Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10 – 9799.42.

Appellant timely appealed his judgment of sentence, which was affirmed by this Court on August 8, 2023. *Commonwealth v. Garcia*, 304 A.3d 734, 2023 WL 5093873 (Pa. Super. filed Aug. 8, 2023) (unpublished memorandum). He did not seek an appeal with our Supreme Court but, instead, filed a PCRA petition, his first, on November 29, 2023. The PCRA court appointed Charles E. Dutko, Jr., Esquire ("Attorney Dutko") to represent Appellant. On January 12, 2024, Appellant filed an amended PCRA petition.

The PCRA court summarized the relevant procedural facts pertaining to Appellant's collateral relief litigation as follows:

> On January 30, 2024, the [PCRA] court held a hearing on [Appellant's] amended [petition] for post-conviction collateral relief. [In his petition, Appellant] alleged that trial/direct appeal counsel[, Hank Clarke, Esquire ("Attorney Clarke"), was ineffective in failing to obtain a transcript of a pretrial conference and submit it in support of Appellant's direct appeal claim asserting that the court erred in refusing to grant a trial continuance.] Further, [Appellant] alleged that [Attorney Clarke was ineffective in failing to request a curative instruction after a juror shed tears at the conclusion of a witness's testimony. Appellant also alleged that Attorney Clarke was ineffective in failing to ask the trial court to question other jurors to assess the impact of the actions by the weeping juror. Appellant] informed the [PCRA] court, at the hearing, that he [intended to abandon his claim involving the substitution of trial counsel, which was based

- 3 -

upon the replacement of his original trial counsel from the Schuylkill County Public Defender's Office.[4]]

The only witness called at the January 30, 2024 [PCRA] hearing was Attorney Clarke[,] who testified that the day before trial was to begin, he had asked the court for a trial continuance because he had learned that the Pennsylvania State Police had not provided all [the] information he had requested pursuant to a subpoena. According to Attorney Clarke, [Appellant] and his brother, [H.G.], told him that H.G. had previously been investigated for an alleged rape and that a potential witness for the Commonwealth in the instant case [, D.R.,] had been a friend of the alleged victim in the [prior H.G.] investigation, and had made a statement to police that may have implicated [H.G. in the prior investigation]. Further, Attorney Clarke claimed that he had been told that the police had not pursued charges against [H.G.] because they had obtained a video from [H.G.] that established his alleged sexual encounter had been consensual. As a result, Attorney Clarke stated that if he had obtained the police report of the investigation of [H.G.], he had intended to use it to cross-examine [D.R.] at the trial in this case to impeach her credibility.

At the January 2024 hearing, Attorney Clarke did not provide the legal basis upon which such evidence, if it had existed, would have been properly utilized for impeachment purposes. Neither Attorney Clarke, nor [Appellant's] current [PCRA] counsel, or the Commonwealth presented the alleged police investigative file at the [PCRA] hearing. Nevertheless, [Attorney Dutko] claimed that he was entitled to pursue [a] claim of ineffective assistance [predicated upon Attorney Clarke's failure to supplement the record on direct appeal with a transcript of the continuance proceeding. Attorney Dutko also claimed that Appellant should be permitted to pursue his ineffectiveness claim without first establishing that H.G.'s statement was contained in a police report or that such a report would be admissible at trial].

---

[4] "[Appellant's] original [trial] counsel was [replaced, due to medical leave, by] Attorney Clarke[, who] was hired by the [Schuylkill County] Public Defender's Office and[, thereafter] obtained [Appellant] as a client. Following trial, Attorney Clarke left [his] position [with the public defender's office] but was then hired by [Appellant] as private counsel [who] represented [Appellant] on direct appeal." PCRA Court Opinion, 3/6/25, at 2 n.2.

PCRA Court Opinion, 3/6/25, at 2-4 (extraneous capitalization omitted).

On March 6, 2025, the PCRA court denied Appellant's petition. This timely appeal followed.[5]

Appellant raises the following issues for our review:

1. Whether the PCRA court erred by failing to grant Appellant's PCRA petition related to trial counsel's request for a mistrial due to juror conduct during trial testimony?

2. Whether the PCRA court erred by not granting Appellant's PCRA petition seeking to reinstate Appellant's direct appeal rights[ on the ground that Attorney Clarke was ineffective for failing to file a transcript as part of the certified record]?

Appellant's Brief at 4.[6]

In his first issue, Appellant asks whether the PCRA court erred in failing to grant his petition alleging that trial counsel was ineffective for failing to request a mistrial due to juror conduct during trial testimony. Preliminarily, we note that, although Appellant's brief lists this issue in its statement of questions involved, the argument section of Appellant's brief only addresses Appellant's second issue. *See id.* at 7-9. Pursuant to Pennsylvania Rule of Appellate Procedure 2119, which governs appellate briefs, "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part - in distinctive type or in type distinctively

_____

[5] Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

[6] We have reorganized and condensed Appellant's issues for ease of discussion.

- 5 -

displayed - the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). "Issues not properly developed or argued in the argument section of an appellate brief are waived." **Kituskie v. Corbman**, 682 A.2d 378, 383 (Pa. Super. 1996), *aff'd*, 714 A.2d 1027 (Pa. 1998). Because the argument section of Appellant's brief is completely devoid of discussion or analysis pertaining to trial counsel's alleged failure to request a mistrial, Appellant abandoned his first claim. Thus, we are constrained to deem this issue waived.

Next, Appellant argues that the PCRA court erred when it did not find Attorney Clarke ineffective *per se* on the ground that counsel failed to file a necessary transcript of a pretrial proceeding on direct appeal. Appellant's Brief at 7. At trial, Attorney Clarke "attempted to subpoena a file from [the] Pennsylvania State Police [that was] believed to involve sexual accusations from [D.R.] against Appellant's brother, [H.G.]" which Appellant intended to use to "impeach [D.R.] as she was the only witness to whom Appellant allegedly confessed." **Id**. at 6. "Attorney Clarke moved for a continuance because [he] did not receive the investigative file from [the state police]." **Id.** The trial court denied Attorney Clarke's request. **Id.** On direct appeal, this Court "deemed the challenge to the denial of the request for a continuance waived because [Attorney Clarke] failed to provide the transcript [of the pretrial proceeding] in the official record[.]" **Id.** at 6-7; **see also Gracia**, 304

A.3d 734, 2023 WL 5093873, at *2. Appellant argues in this appeal that Attorney Clarke should be deemed *per se* ineffective for his omission.

In addressing Appellant's second issue, we are mindful of our well-settled standard and scope of review of an order denying a PCRA petition. Proper appellate review of a PCRA court's dismissal of a petition is limited to an examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

"It is well-established that counsel is presumed effective[.]" *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012), *citing* ***Strickland v. Washington***, 466 U.S. 668, 687-691 (1984). To plead and prove a claim of ineffective assistance of counsel, "a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective[ly] reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." *Commonwealth v. Stewart*, 84 A.3d 701,

706 (Pa. Super. 2013) (*en banc*), *appeal denied*, 93 A.3d 463 (Pa. 2014); **see also Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of these prongs." **Commonwealth v. Martin**, 5 A.3d 177, 183 (Pa. 2010). "In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued[. R]ather, we must examine whether counsel's decision[] had any reasonable basis." **Commonwealth v. Washington**, 927 A.2d 586, 594 (Pa. 2007). A petitioner establishes prejudice when he or she demonstrates "that there is a reasonable probability that, but for counsel's [acts or omissions], the result of the proceeding would have been different." **Commonwealth v. Johnson**, 966 A.2d 523, 533 (Pa. 2009).

In this collateral appeal, Appellant does not explain how Attorney Clarke's omission caused prejudice. Instead, Appellant argues that Attorney Clarke was *per se* ineffective, a theory which obviates the need to show prejudice. **Commonwealth v. Diaz**, 183 A.3d 417, 422 (Pa. Super. 2018) (stating that prejudice is presumed when the type of ineffectiveness of counsel is ineffectiveness *per se*), *aff'd*, 226 A.3d 995 (Pa. 2020). Under Pennsylvania law, there are few instances where counsel's acts or omissions constitute *per se* ineffectiveness. These include: counsel's failure to file a direct appeal when requested to do so by a client (**Commonwealth v. Lantzy**, 736 A.2d 564, 572 (Pa. 1999)); counsel's failure to file a timely Rule 1925(b) statement when ordered to do so by a court (**Commonwealth v. Halley**, 870 A.2d 795 (Pa.

2005); **Commonwealth v. Brown**, 145 A.3d 184, 186 (Pa. Super. 2016)); counsel's failure to file an appellate brief such that the defendant was deprived of direct review (**Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007)); counsel's failure to file a petition seeking allowance of appeal with our Supreme Court when requested to do so by a client (**Commonwealth v. Liebel**, 825 A.2d 630 (Pa. 2003); **Commonwealth v. Reeves**, 923 A.2d 1119, 1129 (Pa. 2007)); and counsel's failure to secure a language interpreter when the defendant is not a native English speaker (**Diaz**, 226 A.3d at 996).

Attorney Clarke's failure to include the transcript as part of the certified record merely "narrowed" the reviewable issues on direct appeal and did not waive all issues, thereby denying Appellant his right to a direct appeal. **See Commonwealth v. Rosado**, 150 A.3d 425, 428 (Pa. 2016) ("narrowing [the] ambit of reviewable issues on appeal does not constitute *per se* ineffectiveness"). As such, the failure to file the transcript in this instance does not constitute *per se* ineffectiveness.

Because Attorney Clarke was not *per se* ineffective, Appellant's petition must be analyzed under the **Strickland** ineffectiveness of counsel test under, as adopted in Pennsylvania by **Pierce**, **supra**. In dismissing Appellant's claim that direct appeal counsel was ineffective for failing to include a transcript of a pretrial proceeding as part of the certified record on direct appeal, the PCRA court stated

> At the January 2024 hearing, Attorney Clarke did not provide the legal basis upon which such evidence, if it had existed, would have been properly utilized for impeachment purposes. Neither

Attorney Clarke, nor [Appellant's] current [PCRA] counsel, or the Commonwealth presented the alleged police investigative file at the [PCRA] hearing. Nevertheless, [Attorney Dutko] claimed that he was entitled to pursue [a] claim of ineffective assistance [predicated upon Attorney Clarke's failure to supplement the record on direct appeal with a transcript of the continuance proceeding. Attorney Dutko also claimed that Appellant should be permitted to pursue his ineffectiveness claim without first establishing that H.G.'s statement was contained in a police report or that such a report would be admissible at trial].

Although the [PCRA] court did not believe that any information in any [H.G.] police report could have been used to impeach the Commonwealth witness, and understood that the issue of [the trial] court's denial of the continuance request was considered waived on appeal due to Attorney Clarke's failure to supplement the record with the transcript of the continuance request, the [PCRA] court offered counsel time to determine if any [H.G.] police report existed and, if so, to submit the report to complete the record on the merits of the underlying contention that Attorney Clarke had made at the continuance proceeding. After several continuances of scheduled hearings, granted at the request of counsel, the [PCRA] court was asked by [PCRA] counsel to issue an order directing the Commissioner of the Pennsylvania State Police to provide [] the alleged [H.G.] report. The Commonwealth did not oppose the request, the order was issued, and [PCRA] counsel received the report. At the final hearing on January 27, 2025, [PCRA] counsel acknowledged that although a police report existed with respect to an investigation of allegations involving [H.G.], no statement appeared in the report by the Commonwealth witness at issue, resulting in Attorney Clarke's underlying claim of a need to obtain a trial continuance due to information contained in such a report about the witness having no substantive merit.

PCRA Court Opinion, 3/6/25, at 3-5 (extraneous capitalization and footnote omitted).

We agree with the PCRA court that Appellant is not entitled to collateral relief. Appellant's claim for ineffectiveness of counsel lacks "underlying merit." *Stewart*, 84 A.3d at 706.

- 10 -

Here, the record shows that Attorney Clarke requested a continuance, at Appellant's trial, in an attempt to gain access to a report that presumably contained a statement provided by D.R. to police in a separate rape investigation. Attorney Clarke never received a copy of the report, despite subpoenaing the state police. N.T., 8/31/22, at 2. As part of the PCRA hearing, after subpoenaing the state police, Attorney Dutko received a redacted report which mentioned the Commonwealth witness, D.R., but nothing in the report showed that "she ever gave a statement[. S]he simply happened to be in a vehicle at the time. There is nothing that says she provided any information to the police or that she even spoke to the police." N.T., 1/27/25, at 4. The Commonwealth further pointed out that "nor was she ever a complaining witness or what could have been a victim if any charges were filed" in the prior investigation involving H.G. *Id.* Therefore, the PCRA court found that the "underlying claim [involving Attorney Clarke's] need to obtain a trial continuance due to information contained in such a report about [D.R. had] no substantive merit." PCRA Court Opinion, 3/6/25, at 5. As shown at the PCRA hearing, the requested state police report did not show what Attorney Clarke alleged it would show, and therefore, the trial court did not err by denying the requested continuance. As such, Attorney Clarke

could not be ineffective for failing to include the transcript in the certified record. Consequently, Appellant's claim was not grounds for collateral relief.[7]

We agree with the PCRA court's evaluation of the matter. Appellant fails to prove *per se* ineffectiveness of counsel, and his claim also fails when analyzed under the traditional **Strickland** test. Therefore, we discern no error in the PCRA court's order denying Appellant's petition for collateral relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/31/2025

---

[7] Even if the police report had demonstrated what Attorney Clarke alleged, in his motion for a continuance, the denial of a continuance to affirm the report would not have prejudiced Appellant because the report would not have been admissible as evidence at trial. Pennsylvania Rule of Evidence 608(b)(1) provides that "the character of a witness for truthfulness may not be attacked or supported by cross-examination or extrinsic evidence concerning specific instances of the witness'[s] conduct." Pa.R.E.608(b)(1). This Court has held that "counsel will not be deemed ineffective for failing to present inadmissible evidence." **Commonwealth v. Trimble**, 615 A.2d 48, 51–52 (Pa. Super. 1992).