657 A.2d 1293

**Dorothy PORTERFIELD, Administratrix of the Estate of Belton Porterfield, III, Deceased, Appellant,**

**v.**

**The TRUSTEES OF the HOSPITAL OF the UNIVERSITY OF PENNSYLVANIA and Matthew T. Kline, M.D., Appellees.**

Superior Court of Pennsylvania.

Argued March 7, 1995.

Filed May 4, 1995.

Claire Neiger, Philadelphia, for appellant.

Norman R. Segal, Philadelphia, for appellees.

Before DEL SOLE, BECK and CERCONE, JJ.

DEL SOLE, Judge:

This is an appeal from an order entering Summary Judgment in favor of Appellees. The court concluded that a general release signed in connection with an automobile accident case barred the Appellant's subsequent claim for alleged medical malpractice arising out of treatment received following the accident. Because we agree with the court's conclusion that the "breadth and the generality of the language used to describe the released parties" serves as a bar to recovery against a successive tortfeasor, we affirm.

The main thrust of Appellant's argument before this court is that it was premature for the trial court to enter a judgment where there existed a material issue of fact. The "fact" issue as advanced by Appellant concerns an apparent mistake which is included on the general release when referring to the date of the automobile accident. The general release refers to an accident which occurred on July 25th, 1986. However, the release is signed and dated months before, on February 6, 1986. Relying on the factual record, including a signed affidavit by Appellant's decedent's former counsel [1] who represented him in the accident case, the court concluded that the accident actually occurred on July 25th, 1985, not 1986, and that the release covered all actions arising from the July 25, 1985 accident. Appellant responds that it was improper for the court to consider the testimonial affidavit of former counsel in a Summary Judgment matter since it violates the principles of the *Nanty–Glo* rule. *Nanty–Glo v. American Surety Co.*, 309 Pa. 236, 163 A. 523 (1932).

The *Nanty–Glo* decision directs that summary judgment may not be entered where the moving party relies exclusively upon oral testimony, either through testimonial affidavits or deposition testimony, to establish the absence of a genuine issue of material fact. *Penn Center House, Inc. v. Hoffman*, 520 Pa. 171, 553 A.2d 900 (1989). An exception to this rule exists where the moving party supports the motion

---

1. The death of Appellant's decedent was unrelated to the automobile accident or medical treatment at issue.

by using admissions of the opposing party or the opposing party's own witnesses. *Estate of Pew,* 409 Pa.Super. 417, 598 A.2d 65, 71 (1991), citing *Garcia v. Savage,* 402 Pa.Super. 324, 586 A.2d 1375 (1991). The exception was applicable in this case where the moving party offered Mr. Porterfield's deposition testimony and a sworn affidavit of his former counsel in support of the motion.

■ In their motion for summary judgment Appellees alleged that "Mr. Porterfield was admitted to the Hospital of the University of Pennsylvania on July 25, 1985 for a dislocated right wrist as the result of being involved in a motor vehicle accident on July 25, 1985." Appellee denied that statement and instead offered a claim that his admission was the result of an accident which occurred when a car struck the vehicle on which he was working, causing the car to come off the jack and injure him. It was not denied that the date of this accident was July of 1985. The deposition testimony of Appellant's decedent also referred to an accident which occurred on July 25, 1985. Mr. Porterfield testified that he was injured on that date when his car fell upon him and that he was admitted to the hospital on that date. The discharge summaries attached to Appellees' motion for summary judgment also list the date of admission as July 25, 1985 and they indicate that Mr. Porterfield was being treated for injuries received after a car fell on his hand. Nowhere on the record is there any indication that an accident happened in 1986 instead of 1985 and Appellant never denies the fact that the accident at issue occurred in 1985. Finally a reading of the release makes it evident that a typographical error occurred since it refers to an accident date which post dates the agreement itself. We find no evidence in the record which would indicate that there is a material issue of fact as to the date of the accident which is referred to in the release. Therefore it was entirely appropriate for the court to enter an award of Summary Judgment.

■ Further it is clear that the general language of the release which discharged not only Leon Brown but "any and all other persons, firms, corporations, associations" from all

injuries and damages "known and unknown, foreseen and unforeseen," applies to bar the present action for medical malpractice which involved treatment sought as a result of the accident. *See Smith v. Thomas Jefferson University Hospital,* 424 Pa.Super. 41, 621 A.2d 1030 (1993). Appellants allege that Mr. Porterfield was inappropriately prescribed the medication Desyrel and/or that its administration was improperly monitored when it was prescribed along with pain medication in association of his wrist injury. As a result, it is contended that Mr. Porterfield had to undergo an operation which left him impotent. Because it is clear that the "present cause of action against Appellees results from the treatment decedent sought as a consequence of his automobile accident" the language of the release applies. *Id.* at 47, 621 at 1033.

We further note that the cause of action based upon the alleged medical malpractice accrued in this case before Mr. Porterfield signed the release. The complaint alleges that Mr. Porterfield took the drug Desyrel as directed from November 6, 1985, through and including November 19, 1985. On November 19th he was admitted to the hospital with symptoms which necessitated the surgery, which in turn left Mr. Porterfield impotent. These events occurred months before Mr. Porterfield executed the general release at issue on February 6, 1986. Because the cause of action for medical malpractice accrued before the release was executed, it was proper to hold that the release encompassed the medical malpractice action. *Vaughn v. Didizian,* 436 Pa.Super. 436, 648 A.2d 38 (1994).

Finally, the recent decision in *Harrity v. Medical College of Pa. Hospital,* 439 Pa.Super. 10, 653 A.2d 5 (1994), in no way impacts on our decision. In *Harrity* a guest brought a federal court action against a hotel after she suffered injuries from a fall. Separate state court actions were brought for medical malpractice regarding treatment plaintiff received for injuries resulting from the fall. In settlement of the Federal Court action plaintiff executed a release releasing persons and entities from claims arising out of the accident "and for which suit was brought" in federal court. The Pennsylvania trial court

granted summary judgment in favor of the defendants in the medical malpractice action based upon that release.

Upon review this court concluded that the trial court judge had erred in awarding summary judgment. Initially, this court determined that it was improper for that judge to enter the ruling she did because the defendants had presented the same claim to two different judges who refused to grant summary judgment on that ground. We held there was no justification for the trial judge to overrule a decision rendered in the same action by another judge. Further, in dicta, we focused on the specific language of the release and found that it could not be construed as releasing the defendants in the medical malpractice action since it specifically referred to claims "for which suit was brought" in federal court. Because no claim was made in the federal action for injuries caused by the medical treatment, this court concluded that the release was not intended to apply to the malpractice action. In the case presently before us there is no similar limiting language found in the release. Accordingly, we find *Harrity* inapplicable to this matter.

For these reasons we find the trial court appropriately entered an award of summary judgment in favor of Appellees in this case.

Order affirmed.