# Hertzog v. Stafford, LLC

C.P. of Monroe County, No. 5757 CIVIL 2012

*Joshua B. Goldberg*, for plaintiffs.
*Joseph Pulcini, Jr.*, for defendant.

WILLIAMSON, *J.*, July 10, 2013—This matter comes

2

before us on a motion for summary judgment filed by Cassandra Stafford (hereafter, "defendant"), requesting David and Kimberly Hertzog's (hereafter, "plaintiffs") complaint be dismissed because plaintiff husband allegedly signed a release of all claims against all persons involving another party to the underlying facts of this case (but not a named party herein).

Plaintiffs commenced this action by filing a complaint on July 10, 2012. On September 17, 2012, defendant filed an answer with new matter. With no opposition from plaintiffs, defendant filed an amended answer with new matter on February 18, 2013. The defendant filed the motion for summary judgment currently before this court on May 21, 2013. In their complaint, plaintiffs allege that plaintiff husband was operating a vehicle that was rear-ended by the defendant on July 14, 2010 while she was driving a rental vehicle. Discovery has been completed. Both parties submitted briefs, and oral argument on this matter was held on June 28, 2013. We are now ready to dispose of defendant's motion summary judgment.

## DISCUSSION

Summary judgment may be granted pursuant to Pennsylvania Rule of Civil Procedure 1035.2 where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 468-69 (Pa. 1979). Summary judgment is properly entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa. R.C.P. 1035(b); *Cosmas v. Bloomingdales Bros., Inc.*, 660 A.2d

83, 85 (Pa. Super. 1995).

Summary judgment may be granted only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co. Inc.*, 562 A.2d 279, 280 (Pa. 1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Davis v. Pennzoil Co.*, 264 A.2d 597 (Pa. 1970). Moreover, the burden is on the moving party to prove that no genuine issue of material fact exists. *Long v. Yingling*, 700 A.2d 508, 512 (Pa. Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson*, 412 A.2d at 469.

In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Phaff v. Gerner*, 303 A.2d 826 (Pa. 1973). The court may also accept as true all well-pled fact contained in the non-moving party's pleadings. *Mattia v. Employers Mut. Cos.*, 440 A.2d 616 (Pa. Super. 1982); *Ritmanich v. Jonnel Enters, Inc.*, 280 A.2d 570 (Pa. Super. 1971). A general denial is unacceptable and deemed an admission where it is clear that the defendant has adequate knowledge and that the means of information are within the control of the defendant. *Elia v. Olszewski*, 84 A.2d 188 (Pa. 1951).

Defendant argues that there are no genuine issues of material fact and requests that the court grant summary judgment in its favor. Plaintiff David Hertzog and defendant were involved in a motor vehicle accident. Plaintiff made a claim against Enterprise Car Rentals, in addition to a claim against the defendant. Plaintiff reached terms of a settlement with Enterprise before suit was filed. Defendant alleges that on February 23, 2012, plaintiff

David Hertzog signed a "Release of All Claims" with the rental car company, effectively barring any claims the plaintiffs may have against the defendant. We disagree.

In particular, the release provides, in pertinent part:

"[T]he undersigned, David Hertzog, being of lawful age, for the sole consideration of...($15,000) to the undersigned in hand paid, receipt whereof is hereby acknowledged, do/does hereby and for my/ours/it's heir, executors, administrators, successors and assigns release, acquit and forever discharge, ...[Enterprise]..., it's/their employees, officers and agents, et. al., and his/her/their/it's agents, servants, successors, heir, executors, administrators and *other persons*, firms, corporations, associations, partnerships of and from *any and all claims* of any type or nature, including but not limited to, any actions, causes of actions, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which the undersigned now had/have or which may hereafter accrue on account of or in any way growing out of any and all known or unknown, foreseen and unforeseen bodily and personal injuries and property damage and the consequences thereof resulting or to result from the incident, casualty or event which occurred on or about the 14th day of July, 2010, at or near Monroe County, PA."

See defendant's motion for summary judgment, exhibit "C" (emphasis added).

The effect of a release must be determined from the ordinary meaning of its language. *Buttermore v. Aliquippa Hosp.*, 561 A.2d 733, 735 (Pa. 1989). Unless the release provides otherwise, a release of one tortfeasor does not discharge other tortfeasors. *Charles v. Giant Eagle*

*Markets*, 522 A.2d 1, 4 (Pa. 1987) (citing 42 Pa.C.S. §8236).

Defendant argues that the release, as set forth above, is broad enough to encompass the claims against the defendant in this action because the release is "of any and all claims" from the rental car company "and other persons", with no holdback as to an action against defendant.

In support of this argument, the defendant cites a litany of Pennsylvania case law. However, each case is distinguishable from the current set of facts. For instance, the release in Buttermore contained the phrases "*all* other persons…whether known or unknown, suspected or unsuspected…" *Buttermore* 561 A.2d at 734 (emphasis added). The release in the present case releases "other persons", not "all other persons." Furthermore, the *Buttermore* release contains "whether known or unknown, suspected or unsuspected" language which is not contained in the release at issue in the present case. Accordingly, where the ordinary meaning of the language in the *Buttermore* release has the effect of releasing all parties known and unknown, the language of the release in this case cannot have the same meaning, because the release does not contain the same language. It is entirely possible to read the language, including "other persons" to mean other persons related to Enterprise. By its plain meaning, the language relates to other persons in the employ or agency of Enterprise, which the defendant herein is neither.

The language of the release in this case is also distinguishable from other cases cited by the defendant. *See Ford Motor Company v. Buseman*, 954 A.2d 580 (Pa. Super. 2008) (a release given to a particular individual

and "any and all other persons whether herein named or not" is applicable to all tortfeasors despite the fact that they are not specifically named); *Porterfield v. Trustees of the Hosp. of the Univ. of Pa and Kline*, 657 A.2d 1293 (Pa. Super. 1995) (a release to "any and all other persons, firms, corporations, and associations" from all injuries and damages "known and unknown, foreseen and unforeseen" was enforceable against all other tortfeasors). The releases of the aforementioned cases share a common "any and all other persons" language that is absent and distinguishable from the release in the present case.

In addition, when this release is read in context, it is clear that the phrase "other persons" is modified by the language "of and from", The "of and from", as it is ordinarily understood, modifies the previous nouns, including "other persons". Therefore, the release clearly only is effective against claims against the rental car company.

Accordingly, viewing the release in a light most favorable to the non-moving party, this release is not the kind of general release existing in *Buttermore*. The release does not release and bar all claims relating to the July 14, 2010 accident, just the claims as to the named entities and those other persons related to the named entities listed in the release. As such, summary judgment is not appropriate, and we issue the following order.

## ORDER

And now, this 10th day of July, 2013, upon consideration of defendant's motion for summary judgment, the same is denied.