J-A16016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PENN SECURITY BANK & TRUST COMPANY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DR. ALEXANDER J. HOLTZMAN AND NANCY HOLTZMAN, | |
| Appellants | No. 3201 EDA 2014 |

Appeal from the Judgment Entered October 17, 2014
In the Court of Common Pleas of Monroe County
Civil Division at No(s): 2613-CV-2013

BEFORE: LAZARUS, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 30, 2015**

Appellants, Dr. Alexander J. Holtzman and Nancy Holtzman, appeal from an order entered on October 17, 2014 that granted summary judgment in this mortgage foreclosure action in favor of Penn Security Bank & Trust Company (the Bank). After careful review, we affirm.

On December 15, 2010, Appellants executed a promissory note in favor of the Bank to obtain a residential home loan in the amount of $175,000.00. The note was repayable in monthly installments of principal, together with accrued interest, in the amount of $1,477.16 for a five-year term, followed by a balloon payment of $133,015.92. To secure the note, Appellants granted the Bank a mortgage interest in real property located in Pocono Township in Monroe County, Pennsylvania.

_____
*Retired Senior Judge assigned to the Superior Court.

In August 2012, Appellants defaulted under the terms and conditions of the loan documents by failing to make monthly payments in accordance with their note. On October 2, 2012, counsel for the Bank forwarded a letter demanding payment from Appellants of all past due sums owed under the parties' loan agreements. Thereafter, in accordance with Acts 91 and 6, the Bank again advised Appellants that the mortgage on their home was in default. In addition, the Bank informed Appellants that it intended to foreclose on its mortgage interest in their property and that it would accelerate their mortgage debt if Appellants did not cure the arrearage. Appellants were also informed of corrective actions they could take to avoid foreclosure on their property. Appellants did not cure the default or seek emergency assistance.

On April 1, 2013, the Bank filed a complaint against Appellants. The complaint contained two counts, one asserting mortgage foreclosure claims and one sounding in breach of contract. The Bank attached the loan documents to its complaint and alleged, in relevant part, that Appellants, "failed to repay the indebtedness pursuant to the terms and conditions of the Lending documents in that the [Appellants'] last loan payment was made to the Bank [in August 2012]." Complaint, 4/1/13, at 3 ¶11. The Bank also alleged that Appellants owed a principal balance of $164,762.68 on the mortgage with accrued interest totaling $6,844.21. *Id.* at 4 ¶19. Together

with other fees recoverable under the parties' lending agreement, the Bank alleged that Appellants owed a total of $173,533.20.[1] ***Id*.**

Appellants filed a timely answer and new matter to the Bank's complaint on April 22, 2013. Appellants asserted general denials in response to the material allegations of the complaint, alleging that they were without knowledge or information sufficient to form a belief as to the truth of the Bank's allegations. ***See*** Answer and New Matter, 4/22/13, at 5, 8-9 ¶¶'s11 and 19. Appellants did not aver specific facts that contravened the Bank's assertions.

Neither side conducted discovery in this case. On April 11, 2014, just over one year after filing its complaint, the Bank moved for summary judgment on its mortgage foreclosure claims. To support its motion, the Bank attached an affidavit executed by Edward Walsh, a senior vice president employed by the lender. Walsh's affidavit included a schedule of indebtedness owed as of the filing date of the Bank's motion showing an unpaid balance of $308,382.86. The schedule reflected the same unpaid principal balance alleged in the complaint, updated sums for accrued interest and document preparation fees, and a claim for counsel fees totaling

---

[1] The Bank's complaint listed attorneys' fees as a component of its damages but did not specify a sum certain for this expense. Instead, the complaint alleged that this expense would be determined later.

$123,344.80. Appellants filed their response to the Bank's motion on April 25, 2014.

On October 17, 2014, the trial court issued an opinion and order in which it granted the Bank's motion and entered summary judgment in its favor for $175,533.29. In reaching its decision, the court did not entertain oral argument or adversarial briefs on behalf of the parties. Instead, the court reasoned that Appellants' general denials to the material allegations of the complaint must be deemed admissions in the context of a mortgage foreclosure case since Appellants would be aware of any arrearage and unpaid balance on their mortgage. *See* Trial Court Opinion, 10/17/14, at 4-6. As such, the court determined that Appellants failed to raise a genuine issue of material fact and that the Bank was entitled to judgment as a matter of law.

Appellants filed a timely notice of appeal on November 7, 2014. By order entered on November 14, 2014, the court directed Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellants timely complied by filing their concise statement on December 5, 2014. On December 16, 2014, the trial court issued a brief statement under Pa.R.A.P. 1925(a) asking this Court to vacate and remand this matter for oral argument and the submission of briefs in view of the Bank's failure to file a *praecipe* for argument under Mon.R.C.P. 1035.2 at the time it filed the motion for summary judgment.

Appellants challenge an order granting the Bank's motion for summary judgment. Our standard of review over such a claim is well settled.

> [O]ur standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. Our scope of review is plenary. In reviewing a trial court's grant of summary judgment, we apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.

> * * *

> Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

> Rule of Civil Procedure 1035 governs motions for summary judgment and provides, in relevant part, as follows:

>> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

>> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

>> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2. This Court has explained the application of this rule as follows:

> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of a cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense.

*Criswell v. Atlantic Richfield Co.*, 115 A.3d 906, 908 (Pa. Super. 2015) (case citations omitted).

In their first issue, Appellants argue that they were denied a full and fair opportunity to be heard because of the Bank's failures to comply with local procedural rules. Specifically, Appellants point out that the Bank failed to file and serve a *praecipe* for argument pursuant to Mon.R.C.P. 1035.2 at the time it moved for summary judgment. Appellants claim that the Bank's procedural oversight deprived them of a fair chance to contest the Bank's motion and that, as a result, the court's adverse summary judgment order denied them of their right to due process of law. We disagree.

Although a trial court must afford parties a full and fair opportunity to oppose a motion for summary judgment, a court may enter summary judgment in the absence of oral argument or the filing of responsive briefs where the record obviates the need for such proceedings and neither side is prejudiced. *Myszkowski v. Penn Stroud Hotel, Inc.*, 634 A.2d 622, 624 (Pa. Super. 1993); *Gerace v. Holmes Protection of Phila.*, 516 A.2d 354, 359 (Pa. Super. 1986). In this case, Appellants received the Bank's complaint and motion and, in response to each filing, timely filed their answer and new matter as well as their response to the motion for summary judgment. As the Bank points out, "neither party filed a brief or participated in oral argument." Bank's Brief at 18. Thus, neither party secured an advantage over the other on this basis and the trial court disposed of the Bank's motion based upon the admissions that emerged from the parties' pleadings and submissions. While Appellants complain that they were denied the opportunity to file a supportive brief and participate in oral argument, they point to no facts that raise a genuine issue requiring a trial and no case law that demonstrates how they are entitled to a favorable ruling. The trial court did not rule in the Bank's favor because Appellants procedurally defaulted on their claims. Instead, the trial court determined that Appellants effectively admitted that their mortgage was in default and that they continued to owe the Bank an accelerated debt pursuant to the lending documents. Under these circumstances, we discern no error or

abuse of discretion in the trial court's order granting summary judgment without first allowing the parties to participate in oral argument and submit briefs.

In their second issue, Appellant's claim that the Bank relied exclusively on the Walsh affidavit in seeking summary judgment and that the trial court violated the rule in **Borough of Nanty-Glo v. American Surety Co. of New York**, 163 A. 523, 524 (Pa. 1932) in ruling in the Bank's favor. In **Nanty-Glo**, our Supreme Court held that oral testimony, even if uncontradicted, is generally insufficient to establish the absence of a genuine issue of material fact. **Id.** Appellants' contention merits no relief.

An exception to the **Nanty-Glo** rule applies where a party moving for summary judgment supports its motion with the admissions of the opposing party or the opposing party's witnesses. **Porterfield v. Trustees of the Hospital of the University of Pennsylvania**, 657 A.2d 1293, 1295 (Pa. Super. 1995). Our review of the party's submissions, the opinion of the trial court, and the record certified on appeal confirms that the trial court based its decision on the admissions of fact that emerged from Appellants' general denials of the claims set forth in the Bank's complaint, and not on the Walsh affidavit. **See infra**; **see also** Trial Court Opinion, 10/17/14, at 4-6. Specifically, Appellants generally denied their failure to repay the indebtedness under the terms and conditions of the loan documents, as well as the Bank's allegations with respect to the unpaid balance of Appellants'

mortgage. Such responses are ineffective and the corresponding allegations may be deemed admitted for purposes of the Bank's summary judgment motion. ***See First Wisconsin Trust Co. v. Strausser***, 653 A.2d 688, 692 (Pa. Super. 1995) (summary judgment properly entered where mortgagors admit by way of general denials that they are without knowledge or information sufficient to form a belief as to the truth of alleged past due interest and principal balances). Since Appellants are deemed to have admitted the material allegations set forth in the Bank's complaint, we conclude that the ***Nanty-Glo*** rule did not apply and the Bank was entitled to summary judgment.[2]

Judgment affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2015

---

[2] Only one component of the Bank's damage claim was included in the Walsh affidavit, but not set forth in the Bank's complaint. We refer here to the Bank's request for $123,344.80 in attorneys' fees in this mortgage foreclosure case. Since the trial court wisely excluded this amount from its award, and because the Bank has not challenged the trial court's order on appeal, we see no basis to disturb the judgment on this ground.