J-A31029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| PENNY MAC CORP. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HAQNAWAZ CHUGHTAI AND SALEEMA CHUGHTAI | |
| Appellants | No. 857 EDA 2016 |

Appeal from the Order Entered March 9, 2016
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2013-06809

BEFORE:  BENDER, P.J.E., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.:                  **FILED MAY 03, 2017**

Haqnawaz Chughtai and Saleema Chughtai ("the Chughtais") appeal from the March 9, 2016 order of the Bucks County Court of Common Pleas granting Penny Mac Corporation's ("Penny Mac") motion for summary judgment.[1] We affirm.

The well-reasoned opinion of the Honorable Brian T. McGuffin set forth the detailed factual and procedural history underlying this appeal, which we adopt and incorporate herein.  *See* Opinion, 5/5/16, at 1-3 ("1925(a) Op.").

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The Chughtais initially appealed a February 18, 2016 order, which the trial court amended on March 9, 2016 at the request of Penny Mac to reflect an error in calculation.

On appeal, the Chughtais raise the following issue: "Did the trial court commit an error of law in granting foreclosing lender's Motion for Summary Judgment when [Penny Mac]'s motion was founded upon an inadmissible testimonial affidavit?" Chughtais' Br. at 8.

It is well-established that "summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Truax v. Roulhac*, 126 A.3d 991, 996 (Pa.Super.) (quoting *Atcovitz v. Gulph Mills Tennis Club, Inc.,* 812 A.2d 1218, 1221 (Pa. 2002)), *app. denied*, 129 A.3d 1244 (Pa. 2015). The moving party bears the burden of proving that no genuine issue of material fact exists. *Stimmler v. Chestnut Hill Hosp.*, 981 A.2d 145, 159 (Pa. 2009). "[T]he trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party . . . ." *Truax*, 126 A.3d at 996 (internal citation omitted).

We have explained our standard of review as follows:

> [A]n appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo.* This means we need not defer to the determinations made by the lower tribunals.

- 2 -

*Id.* (quoting *Weaver v. Lancaster Newspapers, Inc.,* 926 A.2d 899, 902–03 (Pa. 2007)).

The Chughtais claim that the trial court should have denied Penny Mac's motion for summary judgment because the motion was solely supported by an inadmissible affidavit, and because their general denials to the complaint should not have been treated as a deemed admission that a properly negotiated note existed through the chain of loan title.[2]

In its opinion, the trial court set forth the relevant law, addressed the Chughtais' claim, and properly determined that summary judgment was appropriate. *See* 1925(a) Op. at 4-8. In their answer to the complaint, the Chughtais made general denials, which constitute admissions. *See Bank of Am., N.A. v. Gibson*, 102 A.3d 462, 466 (Pa.Super. 2014). This fact, coupled with the affidavit provided by Penny Mac, the Act 6 notice,[3] and proof of the mortgage assignments, shows that there was no genuine issue

_____

[2] The Chughtais waived their further contention that Penny Mac failed to establish a properly endorsed note through the chain of loan title by not raising it in their response to Penny Mac's motion for summary judgment. *See Devine v. Hutt*, 863 A.2d 1160, 1169 (Pa.Super. 2004) ("[A]rguments not raised initially before the trial court in opposition to summary judgment cannot be raised for the first time on appeal[.]").

[3] *See* 41 P.S. § 403 (providing that a residential mortgage lender must give the residential mortgage debtor notice of its intention to "accelerate the maturity of any residential mortgage obligation, commence any legal action including mortgage foreclosure to recover under such obligation, or take possession of any security of the residential mortgage debtor for such residential mortgage obligation" at least 30 days in advance).

of material fact and that Penny Mac was entitled to judgment as a matter of law.  After reviewing the briefs, the record, and the relevant law, we affirm based on the trial court's cogent reasoning.  *See* 1925(a) Op. at 4-8.

Because the Chughtais failed to set forth a genuine issue of material fact, we conclude that the trial court did not abuse its discretion or commit an error of law in granting Penny Mac's motion for summary judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2017

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

PENNYMAC CORP.,
                 Appellee,

v.

HAQNAWAZ CHUGHTAI and
SALEEMA CHUGHTAI,
                 Appellants.

No.: 2013-06809

Case #: 2013-06809   809   11208541

Code: 5214          Judge:25
Patricia L. Bachtle, Bucks County Prothonotary
Rcpt: Z1520410   5/5/2016 10:31:28 AM

## OPINION

Appellants, Haqnawaz Chughtai and Saleema Chughtai, appeal from the Court's Order dated February 18, 2016, granting Motion for Summary Judgment in favor of Appellee, PennyMac Corporation, in this mortgage foreclosure action. The Court files this opinion pursuant to Pennsylvania Rules of Appellate Procedure 1925(a).

## STATEMENT OF FACTS

This mortgage foreclosure action was brought initially by JPMorgan Chase Bank, National Association, on September 4, 2013, against Haqnawaz Chughtai and Saleema Chughtai ("Appellants"), for the foreclosure of 1765 Autumn Leaf Lane, Huntingdon Valley, Pennsylvania 19006 ("Property"). In the Complaint, JPMorgan alleged that Appellants executed and delivered a Mortgage on the Property to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Home Loan Center, Inc. d/b/a Lending Tree Loans ("Home Loan Center"), on April 1, 2006. (Compl. ¶¶ 4-5.) Appellee attached the Mortgage as Exhibit E in its Motion for Summary Judgment. The Mortgage was also recorded on June 12, 2006. (Appellee's Mot. for Summ. J.; Ex. E.) Appellants further signed and delivered an accompanying Adjustable Rate Rider, attached to the Motion as Exhibit G.

On April 25, 2012, the mortgage was assigned to JPMorgan. (Compl. ¶ 6.) The assignment was recorded on May 15, 2012. (Appellee's Mot. for Summ. J., Ex. F.) Then on January 9, 2014, the Mortgage was sold by JPMorgan, and all rights to the Property were transferred and assigned to PennyMac Corporation ("Appellee"). Id. at p. 5.

On June 9, 2015, Appellee filed for substitution and replaced JPMorgan as the creditor in this action. Appellee subsequently filed the instant Motion for Summary Judgment on October 19, 2015, and the Court received Appellants' Response on November 18, 2015.

Appellants in their Answer to the Complaint admitted to being the mortgagors of the Property. (Compl. ¶¶ 2-3.) Appellee in its Motion for Summary Judgment also attached the signed and notarized Mortgage. (Appellee's Mot. for Summ. J., Ex. E p. 2.) While Appellants' deny signing a mortgage in favor of MERS, the fully executed Mortgage expressly states under Definitions (C) that "MERS is the mortgagee under the Security Instrument," and that MERS is acting solely as a nominee for the Lender. Id. The Mortgage further states that the Lender is Home Loan Center. Id. All of this was alleged in JPMorgan and Appellee's Complaint. (See Compl. ¶ 4.)

As to the rest of the allegations found in the Complaint, Appellants either admit or provide general denials. (See Answer, ¶¶ 4-10.) For example, JPMorgan and Appellee alleged that Appellants defaulted on the Mortgage as of January 1, 2012, but Appellants only responded with a denial and that they lacked knowledge or information sufficient to answer. Id. at ¶¶ 8-9. Moreover, Appellee attached the Act 6 Notice that was sent to Appellants as Exhibit B to its Motion for Summary Judgment and Appellants did not provide any explanation or evidence to the contrary.

2

In addition, Appellee attached an "Affidavit in Support of Plaintiff's Motion for Summary Judgment" with its Motion. In the Affidavit, an employee with authority to make representations on behalf of PennyMac Corporation attested that, based on business records, PennyMac Corporation purchased Appellants' Mortgage from JPMorgan and that the Mortgage had been in default since January 1, 2012.

In Appellants' Response to Appellee's Motion, they included only a one page memorandum of law. (Docket No. 29.) Appellants merely asserted that Appellee had failed to meet its burden of proof. Id. Appellants also incorrectly asserted that the only evidence that was provided was in the form on an inadmissible testimonial hearsay, the Affidavit, and that the Affidavit could not be considered under Nanty–Glo v. American Surety Co., 163 A. 523 (Pa. 1932). Id.

After a review of the case, including all filings and exhibits, the Court granted summary judgment in favor of Appellee on February 18, 2016, entering an *in rem* judgment against Appellants in the amount of $465,921.83, together with interest and other costs and charges collectible under the mortgage. The Court amended the Order dated February 18, 2016, on March 9, 2016, at Appellee's request to lower the judgment amount to $461,903.83 to reflect the true debt, as the original proposed order provided by Appellee included an error in calculation.

Appellants now appeal from this Court's Order dated February 18, 2016, alleging that the Court improperly granted summary judgment.

<u>STATEMENT OF MATTERS COMPLAINED OF ON APPEAL</u>

On April 1, 2016, Appellants submitted a Concise Statement of Matters Complained of on Appeal, raising the following for review:

1. Whether the Court of Common Pleas erred in entering summary judgment?

2. Whether the Court of Common Pleas erred in entering summary judgment when there existed genuine issues of material fact and Plaintiff-Appellee was not entitled to judgment as a matter of law?

3. Whether the trial court erred in failing to apply the appropriate summary judgment standard in its grant of summary judgment?

4. Whether the trial court erred by consideration and admission of inadmissible evidence including but not limited to Plaintiff-Appellee's motion's attached testimonial hearsay affidavit?

## DISCUSSION

The Court was well within its authority in granting summary judgment in favor of Appellee in this mortgage foreclosure lawsuit. "A party bearing the burden of proof at trial is entitled to summary judgment 'whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report.'" Bank of Am., N.A. v. Gibson, 102 A.3d 462, 464 (Pa. Super. Ct. 2014) (quoting Pa.R.C.P. No. 1035.2(1)), appeal denied, 112 A.3d 648 (Pa. 2015).

In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Jones v. SEPTA, 772 A.2d 435, 438 (Pa. 2001). However, "[i]n response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact. Gibson, 102 A.3d at 464 (citing Pa.R.C.P. No. 1035.3).

"It is well-settled that the mere assertion that a material issue of fact exists without producing any evidence is insufficient to defeat a motion for summary judgment." Ling v. Com.,

4

Dep't of Transp., 79 A.3d 1, 3 (Pa. Commw. Ct.), appeal denied, 81 A.3d 79 (Pa. 2013). Also, general denials or demands for proof have the effect of admissions. See Cercone v. Cercone, 386 A.2d 1, 7-9 (Pa. Super. Ct. 1978). Furthermore, "in mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing [on the mortgage] must be considered an admission of those facts." Gibson, 102 A.3d at 466 (citations omitted).

"The holder of a mortgage has the right, upon default, to bring a foreclosure action." Gibson, 102 A.3d at 464-65 (citation omitted). "The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." Id.

Appellants argue now on appeal that the Court impermissibly considered the supporting Affidavit as provided in Appellee's Motion. The Superior Court has already squarely addressed this issue against Appellants. See Gibson, 102 A.3d at 466-67 (holding that summary judgment was proper where the trial court relied on the bank's affidavit in addition to the mortgagor's deemed admissions). In that case, the mortgagor argued on appeal that the trial court erred in granting summary judgment by relying on an affidavit that was inadmissible hearsay. Id.

"The Nanty–Glo decision directs that summary judgment may not be entered where the moving party relies exclusively upon oral testimony, either through testimonial affidavits or deposition testimony, to establish the absence of a genuine issue of material fact." Porterfield v. Trustees of Hosp. of Univ. of Pennsylvania, 657 A.2d 1293, 1294-95 (Pa. Super. Ct. 1995) (citation omitted). However, "[a]n exception to this rule exists where the moving party supports the motion by using admissions of the opposing party or the opposing party's own witnesses." Id. Accord Lineberger v. Wyeth, 894 A.2d 141, 149 (Pa. Super. Ct. 2006).

5

In Gibson, 102 A.3d at 466-67, the mortgagor had responded to the bank's complaint with only general denials, which were treated as deemed admissions. Under the Nanty-Glo exception, the Superior Court there affirmed the trial court's reliance on the bank's supporting affidavit because of the mortgagor's deemed admissions in granting summary judgment. See id.

The Superior Court in Gibson further stated that the referenced loan history documents as attached to the affidavit, were records of regularly conducted activity, or business records, and would be admissible at trial with proper foundation in any event. Id. (Pa.R.E. 803(6); 42 Pa.C.S. § 6108). This Court, under the analysis of Gibson, could properly consider not just the Affidavit itself, because Appellants responded with only general denials to the Complaint as will be discussed in the following paragraphs, but also the referenced business records attached as exhibits to the Motion.

Moreover, "[s]ummary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Kenney v. Jeanes Hosp., 769 A.2d 492, 495 (Pa. Super. Ct. 2001) (emphasis added).

In the instant case, the exception to Nanty-Glo applies because Appellants in their Answer responded with only general denials. Appellants admitted in their answer that they are the mortgagor owners of the Property. (Compl. ¶¶ 1-3.) In their Response to Appellee's Motion, they denied ever executing or delivering any Mortgage to MERS as nominee for Home Loan Center. (Answer ¶ 4.) However, the attached Mortgage in Appellee's Motion clearly indicates that it is signed by Appellants, and that MERS acted as nominee for Home Loan Center. (Appellee's Mot. for Summ. J., Ex. E p. 2.)

6

In addition, Appellee in its Complaint alleged that Appellants have been in default since January 1, 2012, and includes a detailed list of the itemized charges it believed Appellants owed. (Compl. ¶¶ 8-9.) Appellee again provided only general denials, by impermissibly stating that after reasonable investigation that they were without knowledge or information to answer. (Answer ¶¶ 8-9). As stated previously, in mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing on the mortgage must be considered an admission of those facts. Gibson, 102 A.3d at 466.

Furthermore, there is no genuine issue of material fact that Appellee's are the mortgage holder and that the Act 6 Notice has been provided. Appellee has provided with its Motion as part of Exhibits B, E, and F, the Notice that was sent and proof of the mortgage assignments. Appellants have provided no explanation or evidence to the contrary and that their denials should be rejected.

Moreover, the Affidavit provided by Appellee in this case is not, as Appellants argue, impermissible testimonial hearsay under Nanty–Glo. Just like in Gibson, Appellants responded to the Complaint with only general denials and their responses are deemed admission. Also, Appellee attached the signed Mortgage and Adjustable Rate Rider and evidence of the various assignments that took place. Therefore, the Court could, and did, consider the Affidavit as further evidence that Appellants had defaulted and that Appellee was entitled to judgment.

In this case, Appellants have wholly failed to set forth specific facts demonstrating a genuine issue of material fact. Appellants had an obligation to make monthly payments pursuant to the Mortgage and the Adjustable Rate Rider. Appellee has alleged that Appellants defaulted on January 1, 2012, and that no payments have been made since then. Appellants failed to properly object or provide any evidence that payments have been tendered. The Mortgage and the

accompanying rider include an acceleration clause, provisions for reasonable attorney's fees and costs associated with enforcement, including property inspections. See (Appellee Mot. Summ. J., Ex. E ¶¶ 14, 22, and Ex. G ¶ 7.) Therefore, based on all the available evidence, and the lack of any genuine dispute of material fact, we did not err by granting summary judgment in Appellee's favor.

## CONCLUSION

This Court's Order granting summary judgment in PennyMac Corporation's favor should be affirmed.

BY THE COURT:

BRIAN T. McGUFFIN, J.

Date: MAY 4, 2016