J-S77013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| U.S. BANK N.A., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN M. SCHWARTZ AND ALMA B. SCHWARTZ, | |
| Appellants | No. 1002 MDA 2017 |

Appeal from the Order Entered May 17, 2017
In the Court of Common Pleas of Lancaster County
Civil Division at No(s): CI-13-08876

BEFORE: BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED FEBRUARY 20, 2018**

Appellants, Stephen M. Schwartz and Alma B. Schwartz, appeal from the May 17, 2017 order granting summary judgment in favor of Appellee, U.S. Bank N.A. After careful review, we affirm.

The trial court summarized the relevant facts and procedural background of this case in its Pa.R.A.P. 1925(a) opinion, as follows:

> [Appellants] executed a mortgage and promissory note in the amount of $181,600.00 on the property at 304 Aletha Lane, Millersville, PA 17551. This sum was payable in monthly installments. The original mortgagee was Arlington Capital Mortgage Corp. ("Arlington"). [Appellee] was made the mortgagee by assignment on May 18, 2010, when the Mortgage Electronic Registration Systems, Inc., as nominee for Arlington, assigned its note and mortgage to [Appellee]. [Appellants]

---

[*] Former Justice specially assigned to the Superior Court.

failed to make payments due beginning in March 2009, thus defaulting on the mortgage and note.

[Appellee] filed its complaint in mortgage foreclosure on September 10, 2013 ("Complaint"). [Appellants] filed preliminary objections on November 12, 2013. These were overruled by court order dated August 1, 2014. [Appellants] appealed to the Pennsylvania Superior Court, but their appeal was dismissed when they failed to file a supporting brief. [Appellants] then filed an answer and new matter on September 14, 2015, and [Appellee] filed a reply on September 23, 2015. On March 22, 2017, [Appellee] filed its motion for summary judgment. [Appellants] responded on April 21, 2017, and filed a memorandum of law on May 3, 2017. [Appellee] replied on May 5, 2017. The court issued its order granting [Appellee's] motion on May 17, 2017.

Trial Court Opinion ("TCO"), 8/9/17, at 1-2.

On June 13, 2017, Appellants filed a notice of appeal, followed by a timely, court-ordered Rule 1925(b) concise statement of errors complained of on appeal. Appellants raise the following issues for our review:

I. Did [Appellants] set forth specific facts demonstrating a genuine issue of material fact which would make a grant of summary judgment improper and did [Appellants] plead those facts with particularity?

II. Were [Appellants'] denials of indebtedness, when read together with the record as a whole, specific or general denials[,] and did the trial court err in concluding that [Appellants] made general denials only?

III. Does [Appellee's] Motion for Summary Judgment survive application of the ***Nanty-Glo*** Rule?[1]

Appellants' Brief at 9.

---

[1] ***See Nanty-Glo v. American Surety Co.***, 163 A. 523 (Pa. 1932).

Our standard of review with respect to a trial court's decision to grant or deny a motion for summary judgment is well-settled:

A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***Thompson v. Ginkel***, 95 A.3d 900, 904 (Pa. Super. 2014) (citations omitted).

To begin, we note that although Appellants' brief lists three issues in its Statement of Questions Involved, the Argument section of the brief only contains arguments corresponding with issues two and three. It appears that Appellants have abandoned their first claim regarding whether specific facts sufficient to demonstrate a genuine issue of material fact have been presented. The Argument section of Appellants' brief is completely devoid of any discussion or analysis pertaining to the first issue. Pursuant to Pennsylvania Rules of Appellate Procedure 2119, which governs appellate

briefs, "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). "Issues not properly developed or argued in the argument section of an appellate brief are waived." *Kituskie v. Corbman*, 682 A.2d 378, 383 (Pa. Super. 1996). Thus, we are constrained to deem this issue waived.

Nevertheless, even if Appellants' first claim had been properly preserved, we would deem it meritless. The trial court found that Appellee is the holder of the note and mortgage. TCO at 5. It is well-established that "[t]he holder of a mortgage has the right, upon default to bring a foreclosure action." *Bank of America, N.A. v. Gibson*, 102 A.3d 462, 464 (Pa. Super. 2014).[2] In an action for mortgage foreclosure, the entry of summary judgment is proper if the mortgagors admit: (1) the mortgage is in default; (2) they have failed to pay interest on the obligation; and (3) the recorded mortgage is in the specified amount. *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. 1998). "This is so even if the mortgagors have

---

[2] A promissory note endorsed "in blank," as in the instant matter, is a bearer instrument. The person in possession of such an instrument is the holder with the exclusive right to enforce the instrument to the exclusion of all others. *Id.* (citing 13 Pa.C.S. §§ 3109(a), 3205(b), and 3301). The record reflects that Appellee held the note prior to and at the time of instituting the foreclosure proceedings. *Id.*

- 4 -

not admitted the total amount of the indebtedness in their pleadings." ***Id.*** Instantly, the trial court held that Appellee established each of the aforementioned elements. TCO at 3.[3] After careful review of the record, we discern no error of law or abuse of discretion by the trial court.

Next, Appellants aver that the trial court erred in determining that only general denials were made regarding their indebtedness. Unfortunately, Appellants have failed to properly develop their argument. "The Rules of Appellate Procedure state unequivocally that each question an appellant

_____

[3] More specifically, the trial court opined:

> [Appellants] denied paragraph 7 of [Appellee's] complaint, [which avers that the mortgage is in default due to Appellants' failure to make payments and states the amounts due and owing, including interest,] but they failed to set forth any facts supporting their denials. Rather than adducing facts showing that the mortgage was not in default, that the amount claimed by [Appellee] was incorrect, or that they had not failed to pay upon their obligation, [Appellants] instead made a legal attack upon [Appellee's] status as a real party in interest and holder of the note and mortgage of record. The court found this argument entirely unpersuasive…. As such, no genuine issues of material fact remain. ***See Ertel v. Patriot-News Co.***, 674 A.2d 1038, 1042 (Pa. 1996) ("[W]e hold that a non-moving party must adduce sufficient evidence *on an issue essential to his case* and on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.") (emphasis added).

***Id.***

- 5 -

raises is to be supported by discussion and analysis of pertinent authority."

*Estate of Haiko v. McGinley*, 799 A.2d 155, 161 (Pa. Super. 2002);

Pa.R.A.P. 2119(b). We have clearly stated:

> "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." *Lackner v. Glosser*, 892 A.2d 21, 29–30 (Pa. Super. 2006) (citations omitted). This Court will not act as counsel and will not develop arguments on behalf of an appellant. *Irwin Union National Bank and Trust Company v. Famous…*, 4 A.3d 1099, 1103 (Pa. Super. 2010) (citing *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007)). Moreover, we observe that the Commonwealth Court, our sister appellate court, has aptly noted that "[m]ere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter." *Boniella v. Commonwealth*, 958 A.2d 1069, 1073 n. 8 (Pa. Cmwlth. 2008) (quoting *Commonwealth v. Spontarelli*, 791 A.2d 1254, 1259 n. 11 (Pa. Cmwlth. 2002)).

*Coulter v. Ramsden*, 94 A.3d 1080, 1088-89 (Pa. Super. 2014).

Here, Appellants contend that they have not admitted default under the note. The relevant argument section of their brief, however, consists of a mere two paragraphs - the first of which contains solely general statements of law regarding the entry of summary judgment in a mortgage foreclosure action. *See* Appellants' Brief at 14-15. In the second paragraph, Appellants simply assert they have not admitted default under the note and state that, rather, "no indebtedness accrued to them at time of closing…." *Id.* at 15. Appellants provide no further analysis and fail to cite

- 6 -

to any authority in support of their contentions. Accordingly, we deem Appellants' second claim waived.

Regardless, even if this claim had been properly preserved, we note that it is wholly without merit. As the trial court acknowledged, Appellants denied the default averred in paragraph 7 of the complaint, but failed to set forth any facts supporting their denial. TCO at 6. Moreover, the court found that Appellants responded with only general denials to the relevant allegations in Appellee's motion for summary judgment.[4] **See id.** Specifically, the court stated:

> In paragraph 6, [Appellee] avers that "the Mortgage is due for the March 1, 2009 payment, a period in excess of seven (7) years and nine (9) months." [Appellants] respond in relevant part that they are "without sufficient knowledge to confirm or deny the statement of the affiant." In paragraph 7 of the complaint, [Appellee] avers that "[Appellants'] default is also evidenced by [Appellee's] loan history, a copy of which is attached hereto, made party hereof, and marked as Exhibit C." [Appellants] respond in relevant part that they are "without sufficient knowledge to confirm or deny the statements of the affiant." As [Appellants] possess information regarding any loan payments they may have made subsequent to March of 2009 and not reflected in the loan history supplied by [Appellee], their denials are merely general, and the court did not err in concluding so. **See Cercone v. Cercone**, 386 A.2d 1 (Pa. Super. 1978).[5]

---

[4] General denials constitute admissions where specific denials are required. **Gibson**, 102 A.3d at 466; Pa.R.C.P. 1029(b).

[5] More recently, this Court has stated: "[I]n mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing must be considered an admission of those facts." **U.S. Bank, N.A. v.**
*(Footnote Continued Next Page)*

TCO at 6 (citations to record omitted). Based on the foregoing, we ascertain no error of law or abuse of discretion by the trial court.

Additionally, we note that Appellants' argument is largely based on its view that the assignment of the mortgage to Appellee was invalid. Appellants' argument is not cognizable, however, because Appellants do not have standing to challenge the validity of the assignment. In Pennsylvania, a mortgagor has no standing to challenge the assignment or transfer of a note and mortgage. *See J.P. Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1264 (Pa. Super. 2013). The transfer of a note is a matter between the transferor and the transferee and a mortgagor cannot rely on defenses belonging to the transferor. *Bookmyer v. Davies*, 69 Pa. Super. 240, 242 (1918). Such defenses are not relevant to a mortgage foreclosure action because once a debt is satisfied, the debtor cannot be required to satisfy the debt again, "even if the recipient of the debtor's performance is not the holder of the note in question." *Murray*, 63 A.3d at 1263. Accordingly, this Court has consistently stressed that the chain of possession of a note is immaterial to its enforceability. *CitiMortgage, Inc. v.*

*(Footnote Continued)* ————————————

*Pautenis*, 118 A.3d 386, 396 (Pa. Super. 2015). In reaching this conclusion, we referenced a prior opinion wherein this Court stated: "Unquestionably, apart from the mortgagee, the mortgagors are the only parties who would have sufficient knowledge on which to base a specific denial[.]" *Id.* (citing *New York Guardian Mortgage Corp. v. Dietzel*, 524 A.2d 951, 952 (Pa. Super. 1987)).

*Barbezat*, 131 A.3d 65, 72 (Pa. Super. 2016). *See also Gerber v. Peirgrossi*, 142 A.3d 854, 862-63 (Pa. Super. 2016) (citing *Murray*, 63 A.3d at 1266).

Lastly, Appellants argue that the *Nanty-Glo* rule precluded entry of summary judgment in favor of Appellee, because the court relied solely on oral testimony. Appellants further allege that because the mortgage originated in 2005 but was not assigned to Appellee until 2010, that Appellee relies on the prior servicer's loan records for the first five years and, thus, the loan history does not satisfy the business records exception to the hearsay rule.[6] *See* Appellants' Brief at 15-18. After careful review, we conclude that Appellants' claim is without merit.

*Nanty-Glo* prohibits entry of summary judgment based exclusively on the moving party's oral testimony, either through testimonial affidavits or deposition testimony, to establish absence of genuine issue of material fact. *Porterfield v. Trustees of Hosp. of University of Pennsylvania*, 657 A.2d 1293, 1294-95 (Pa. Super. 1995). However, an exception to this rule exists "where the moving party supports the motion by using admissions of the opposing party or the opposing party's own witness." *Id.* at 1295. We agree with the trial court that this matter falls within the exception to the *Nanty-Glo* Rule.

_____

[6] *See* Pa.R.E. 801(c), 803(6).

As noted by the trial court:

> In this case, [Appellee] relies upon its own testimonial affidavit but also [Appellants'] admissions. Admissions include facts admitted in pleadings. **See Durkin v. Equine Clinics, Inc.**, 546 A.2d 665, 670 (Pa. Super. 1988). "Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication." Pa.R.C.P. 1029(b). "[I]n mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owning [*sic*] must be considered an admission of those facts." **First Wis. Trust Co. v. Strausser**, 653 A.2d 688, 692 (Pa. Super. 1995). [Appellants] made only general denials to [Appellee's] motion for summary judgment, specifically [Appellee's] averments of default and amount due…. [Appellee's] motion for summary judgment therefore clearly falls within the exception to **Nanty-Glo**.

TCO at 5-6. By their ineffective denials and improper claims of lack of knowledge, Appellants admitted the material allegations of the complaint, which permitted the trial court to enter summary judgment on those admissions.

Finally, insofar as Appellants contend that Appellee's affidavit constitutes hearsay, we note that the referenced loan history documents appear to be records of regularly conducted activity, or business records, and would be admissible at trial with proper foundation. **See** Pa.R.E. 803(6); 42 Pa.C.S. § 6108.[7] In response to Appellants' misguided assertion

---

[7] Similar to the business records exception to the hearsay rule, the Uniform Business Records as Evidence Act states:

> A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness

*(Footnote Continued Next Page)*

that Appellee must produce an affidavit "from someone with knowledge from the prior servicer as to those servicing records dating from year 2005 to the date of assignment[,]" Appellants' Brief at 18, we emphasize the following:

> It is not essential under the Uniform Business Records as Evidence Act to produce either the person who made the entries or the custodian of the record at the time the entries were made…. [T]he law does not require that a witness qualifying business records even have a personal knowledge of the facts reported in the business record. As long as the authenticating witness can provide sufficient information relating to the preparation and maintenance of the records to justify a presumption of trustworthiness for the business records of a company, a sufficient basis is provided to offset the hearsay character of the evidence.

**Bayview Loan Servicing LLC v. Wicker**, 163 A.3d 1039, 1048 (Pa. Super. 2017) (quoting **Boyle v. Steiman**, 631 A.2d 1025, 1032-33 (Pa. Super. 1993)). With the foregoing in mind, we discern that the affidavit and loan history produced by Appellee are sufficient to satisfy the business records exception to the hearsay rule.

As Appellants failed to establish a genuine issue of material fact, we conclude that the trial court did not commit an error of law or abuse its discretion when it granted Appellee's motion for summary judgment.

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

> testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.

42 Pa.C.S. § 6108(b).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary

Date: 2/20/2018